## JACKSON *v.* STANDARD OIL COMPANY.

1. Loss of life incurred in rescuing another from a situation of peril gives rise to no cause of action against one who is guilty of no negligence, either as to the person whose safety was imperiled or as to the rescuer after his efforts to make the rescue had begun.
2. The portions of the charge excepted to contain nothing affording cause of complaint to the losing party; the requests to charge, so far as legal and pertinent, were covered by the general charge, which fairly presented to the jury the issues of fact involved; and the evidence fully warranted the verdict.
August 10, 1896.

Action for damages. Before Judge MacDonell. City court of Savannah. November term, 1895.

*Garrard, Meldrim & Newman* and *R. M. Hitch,* for plaintiff.

*Denmark, Adams & Freeman,* for defendant.

LUMPKIN, Justice.

1. The evidence in this case shows that the plaintiff's husband, Warren Jackson, lost his life in an attempt to rescue one William Mitchell, who was exposed to the danger of suffocation from poisonous gas generated in a large iron tank which he was engaged in cleaning as a servant of the Standard Oil Company. The action was brought against this company to recover the value of Jackson's life.

It plainly appears that Mitchell was, or ought to have been, fully aware of the danger attending this work, and that he had been instructed how to guard against it; and it also appears that the company was in no wise negligent relatively to Jackson. Indeed, it may be stated as a fair conclusion from the evidence that the company was altogether free from negligence as to both these parties. This being so, there is no present occasion for exploring the vast mine of law relating to the liability of one through whose negligence another is placed in peril, to respond in damages to a third person who in good faith undertakes to rescue his fellow-being thus exposed to danger, and is injured, or killed, in the attempt. This case, upon its merits, turns upon the indisputable proposition that one who is guilty of no negligence at all cannot be made liable to anybody. This is so obviously true as not to require argument. We refer, however, to the case of Donahoe *et. al. v.* Wabash etc. Railway Co., 83 Mo. 560, which is directly in point; and we also make the following extract from 1st Shear. & Redf. on Negligence, §85, which cites the above mentioned case: "No one is liable at all, unless he is in fault. Thus, a railroad company could not be made liable for injuries suffered by one who, with the most praiseworthy motives, ran in front of a train to rescue another

who was unlawfully on the track, and of whose presence the engineer in charge had no notice, actual or constructive, the train being prudently managed. In such a case, neither party would be in fault, and therefore neither could recover damages."

2. For reasons rendered apparent by the above statement, we do not deal specifically with the numerous questions presented in the record, and which are referred to generally in the second head-note.     *Judgment affirmed.*