CENTRAL OF GEORGIA RAILWAY CO. *v.* TRIBBLE.

When in an action to recover damages from a railroad company for injuries to person and property, occasioned by the running and operation of a train of cars over a street-crossing in a city, it was conclusively shown that the speed at which the train was being run was higher than that prescribed by a valid municipal ordinance, and that no effort was made to so check the speed in passing over the crossing as to be able to stop, if necessary to prevent injury to one attempting to cross, the company was, relatively to such person, negligent as a matter of law ; and in order to prevent a recovery it must have been shown that the injury was done with the consent of the injured person, or that he could, by the exercise of ordinary care, have avoided the consequences of the negligence of the company. In such a case proof that the injured person contributed to the injury may be shown in mitigation of damages, or to. defeat a recovery if such contribution itself amounted to a want of ordinary care under the existing circumstances.
In the present case there was a sufficiency of evidence to support the verdict for the plaintiff, and no error of law sufficient to set it aside was committed.

            Argued February 8,—Decided February 28, 1901.

Action for damages.     Before Judge Nottingham.     City court of Macon.     July 27, 1900.

*Hall & Wimberly* and *R. C. Jordan,* for plaintiff in error.
*Guerry & Hall,* contra.

LITTLE, J.     Tribble brought an action against the railway company to recover damages for killing his horse and injuring himself at a street-crossing in the City of Macon.     It appears from the evidence, that the plaintiff and two others were in a buggy drawn by the horse of the plaintiff, which the latter was driving on Poplar street.     On account of the situation of certain houses in close proximity to the railroad tracks where they intersected the street, neither the engineer nor the fireman on the locomotive could observe the approach of a person intending to cross the tracks until the locomotive was upon or very near the crossing.     For the same reason one intending to cross could not observe the approach of the locomotive until within a short distance of the tracks.     The injury was occasioned by reason of the fact that the horse which plaintiff was driving came in contact with the tender of the locomotive on the crossing.     The horse was killed, and there was evidence that plaintiff was hurt.     It was claimed by plaintiff that he exercised all proper and reasonable care and diligence in the driving and management of the horse, and in approaching the crossing; that the approach of the locomotive to the crossing was not signaled by the ringing of the bell, nor in any other manner; that the speed of the train over the crossing was from eighteen to twenty miles an hour; that the engineer did not check and keep checking the speed of his train until it came to the crossing; that as soon as he discovered its approach, and when he was very near it, he endeavored to stop his horse, which was a gentle one and ordinarily under easy control; that he was unable to do so, and his horse became unmanageable and struck the tender as the train was crossing; that all this happened without any fault or negligence on his part, and that it was due alone to the negligence of defendant company.     An ordinance of the City of Macon made it unlawful for any engineer of any railroad company to run an engine or train through that part of the city at a greater rate of speed than five miles an hour.     The defendant contended, and introduced evidence to show, that the bell on the locomotive was being rung as the train approached the cross-

ing; that the engineer blew the crossing-signal at the properly designated point; that the speed of the train was only from ten to twelve miles an hour; that plaintiff was improperly and negligently driving down Poplar street, and recklessly ran his horse against the train as it was crossing; that the injury was occasioned by the negligence of the plaintiff, who could have avoided it by the exercise of ordinary care. The evidence as to the care and diligence both of the plaintiff and defendant was conflicting. Much of it supported the contentions made by each. The jury returned a verdict in favor of the plaintiff for the value of the animal, and for the injuries which the plaintiff sustained in the amounts claimed. The defendant moved for a new trial, which being refused, it excepted.

The damages which were shown in this case, occurred by reason of the operation of a locomotive and cars which were being run by defendant company. The Civil Code, § 2321, declares that the company shall be liable in such cases, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in this and all other like cases being against the company. Not only has this presumption not been rebutted in the present case, but the evidence conclusively shows that the speed of the train over the crossing at the time was greater than five miles an hour. Not only so, but it was also shown that the engineer in charge of the locomotive made no effort to so check the speed of the train as to stop it if any person was attempting to pass over at the time the locomotive reached the street, as was the engineer's duty under section 2222 of the Civil Code. The failure to check and keep checking so as to stop in time, should any person be crossing the track, as well as the failure to toll the bell (as required by section 2224 of the Civil Code) as a signal of approach to street-crossings, is a violation of law, and, being such, constitutes negligence per se. So also is a failure to comply with a valid municipal ordinance fixing a maximum rate of speed at which trains may be run, and declaring a greater rate unlawful, within the limits of a city. *Central R. Co.* v. *Smith,* 78 *Ga.* 694. While the evidence in relation to signalling the approach to the crossing by tolling the bell was conflicting, the fact seems to have been undisputed that the speed at which it was being run over the crossing was greater than that fixed as a limit by the ordinance introduced in evidence. If we eliminate this contested question of

fact, we nevertheless find that in passing over the crossing the company was negligent in two particulars. First, because the engineer did not check and keep checking the speed of his train. Second, because the rate of speed at which the train was being run was prohibited by a municipal ordinance of the City of Macon, which we think was properly admitted in evidence, as no legal reason was shown why it was not of binding force. Presumptively, then, the company was liable. In the case of the *A. & W. P. Ry. Co.* v. *Newton,* 85 *Ga.* 517, it was ruled that under such circumstances the company might defend "by showing that the injury was done with the consent of the deceased, or that he could have avoided it by the exercise of ordinary care, or (in mitigation of damages) that he contributed to it." And in the opinion delivered in that case our present Chief Justice said, in effect, that these were the only defenses which the company could make under such circumstances. So it seems, under this authority, that, negligence on the part of the company being practically admitted, the right to defeat a recovery in this case depended alone on the ascertainment of the facts, whether the injury which the plaintiff sustained was with his consent or caused by his negligence, and whether he could by the exercise of ordinary care have avoided the consequences of the defendant's negligence. It is claimed however, by counsel for plaintiff in error, that its negligent acts can not be considered as the proximate cause of the injury, but the true proximate cause was plaintiff's rapid driving up to a point too near to be able to stop if a train were passing. Without entering into a discussion of the doctrine of proximate cause, it is sufficient to say that what was or was not the direct or proximate cause of an injury must in all cases be determined from the evidence. By this contention the plaintiff in error assumes that the plaintiff below was negligent. This theory is supported by the evidence of some of the witnesses, but if that evidence conclusively established the fact that plaintiff was driving rapidly, without stopping, to a point at or near the crossing where he was not able to stop, such action on his part would not, in view of the negligence of the defendant, necessarily bar a recovery.

It was ruled in the case of *Comer* v. *Barfield,* 102 *Ga.* 485, that although a traveler on a public highway (or street), in approaching a railroad crossing, may not observe that amount of care and diligence which would be exercised under like circumstances by an

ordinarily prudent person, he is not necessarily precluded from recovering for injuries to his person or property, received on the crossing, if, after it is apparent that the engineer of the company is disobeying the provisions of section 2222 of the Civil Code (which is the requirement as to blowing the whistle and checking the speed of the train in approaching crossings), he then exercises ordinary care and diligence in endeavoring to escape the consequences of the company's negligence.  In *Bowen* v. *Gainesville R. Co.*, 95 *Ga.* 691, Mr. Justice Lumpkin well said that if the requirement as to checking was strictly obeyed, a collision of any sort on a crossing would be rendered impossible.  As to whether such injuries were consented to or caused by the negligence of the plaintiff, or whether he could have avoided the same by the exercise of ordinary care after such negligence was discovered, it is all-sufficient to say that these were questions of fact which have been determined by the jury under the evidence in this case, and, having been fully charged the law in relation to the same, by their verdict they have determined them against the contention of the plaintiff in error, and the record contains sufficient evidence to sustain such finding.  We have carefully examined the assignments of error set out in the motion for a new trial, not covered by what has been said.  Those which relate to the refusals of the judge to charge the jury as requested can not, when compared with the general charge, and the qualifications with which some of them were given, be said to have been error.  While not entirely satisfied with the correctness of that portion of the charge set out in the 13th ground of the amended motion, that the engineer should in an incorporated city toll the bell for four hundred yards before it arrives at the crossing, yet, as in this case the evidence of the defendant tended to show that the bell of the locomotive was tolled continuously, and that of the plaintiff that there was a failure to toll the bell altogether, the jury, if it believed the former, would have found that the proposition of law given in charge had been met, and if the latter, then, that the bell was not rung at all.  But, inasmuch as there was an admitted omission to observe the requirement to check the speed, this error, if any, ought not to operate to reverse the judgment, because it was established conclusively that the defendant was negligent in that particular, and the only defenses which could prevent a recovery were those which related solely to

the negligence or want of care on the part of the plaintiff. The other grounds of the motion, we think, are without merit.

*Judgment affirmed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*