## LOGAN et al. v. HOPE.

BECK, J. 1. The court erred in charging the jury that "you may believe that witness who has the best means of knowing the facts about which he or she testifies and the least inducement to swear falsely, and with these rules determine what the evidence is," in that this charge omitted all reference to the credibility of the witnesses as being one of the matters to be considered by the jury in passing upon the question of the weight to be given to the testimony of such witness.

2. Relatively to a person on a public highway, who is injured by vicious or dangerous horses which have been hired to a customer by a liveryman, if such injury arises from the exercise of the vicious propensity, the owner will be held liable therefor, if he hired such horses, knowing them to have vicious or dangerous propensities, or having reasonable ground for so knowing, and was wanting in ordinary care for the protection of the public against injury from the exercise of such propensities.

(a) The questions of proximate cause and of the exercise of ordinary care by the injured person are for the jury.

(b) The following charge was not an accurate statement of the law: "If the horses were not reasonably gentle and safe, or the lines were not reasonably strong and secure for the use intended, and the defendants knew it, or could by the exercise of ordinary care have known it, then the plaintiff can recover, unless those driving the horses were negligent and were the proximate cause of the injury."

3. In so far as a suit to recover damages by one injured on a highway depends not on injury by a vicious animal in the exercise of his vicious propensity, but proceeds on account of negligence in regard to providing defective harness for horses let out by him, by reason of which such horses ran away and could not be controlled, the duty is on the liveryman, in providing harness, to use ordinary care to furnish suitable harness for the driving and control of the horses hired.

4. Where the question is one of the opinion, a non-expert witness may state the facts upon which he bases it, and then state to the jury his opinion thus founded. It should appear that the opinion given is thus based, and what the facts were on which the opinion is predicated. In the present case, the witnesses did not sufficiently give the facts upon which they based their opinions, and it was error to admit the testimony objected to.

5. There was not such a lack of substantial compliance with the law as to the bringing of a brief of evidence to this court as would authorize this court to disregard the brief of evidence contained in the record.

Judgment reversed. All the Justices concur.

MARCH 1, 1913.

Action for damages. Before Judge Fite. Gordon superior court. December 26, 1911.

*Sam P. Maddox* and *Neel & Neel,* for plaintiffs in error.

*Eubanks & Mebane* and *Henson & Milner,* contra.