29496. MANNING *v.* THE STATE.

DECIDED APRIL 10, 1942.

*C. B. McGarity, W. E. Armistead, Swift Tyler,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* contra.

GARDNER, J. The defendant was indicted for involuntary manslaughter while in the commission of unlawful acts. The unlawful acts alleged consisted of (a) driving an automobile in excess of fifty-five miles per hour; (b) while the accused was under the influence of intoxicating liquors; (c) while passing another automobile going in the same direction, going on the right side of said other automobile, there being room to pass on the left side and there being no obstruction on the left side of the other automobile; (d) that the automobile was not equipped with brakes as required by the law. The defendant was convicted. He moved for a new trial on the general grounds, and by amendment added seven additional grounds. The court overruled the motion, and the defendant excepted.

The State introduced evidence touching on the unlawful acts alleged in the indictment. While it is true that the evidence, or some of it, was not altogether satisfactory, particularly with reference to being intoxicated, and operating without efficient and serviceable brakes, yet as to these two we are not in position to say that the evidence introduced by the State was insufficient, as a matter of law, to support the verdict.

As to the speed of the automobile which the accused was driving, the State's evidence showed that the accused was at the time driving between sixty and eighty miles per hour. A number of witnesses testified as to this rate of speed, some of them estimating sixty miles per hour, some seventy-five miles per hour, etc.

The evidence as to the attempt to pass on the right side of the car, going in the same direction which the accused was driving, is undisputed, as the accused did drive to the right and the homicide occurred on the right side of the road, to the right of the other car,

which was considerably to the right of the center of the highway on which both cars were traveling. We think the evidence supported the verdict, and there is no merit in the general grounds of the motion for new trial. All of the special grounds, with the exception of ground 7, are to the effect that the acts of the accused were not the proximate cause of the homicide, but that the proximate cause was the direct result of the deceased and another person in standing in the center and left of the highway, on a dark night, without having any light or signal to warn approaching cars of their perilous position, and in failing to use ordinary care for their own and others' safety. This contention, the record reveals, was urged by the accused during the trial. Under the facts of this case it was peculiarly a jury question as to the proximate cause of the homicide. The jury resolved the issue against the accused, and the trial court approved the verdict. See, in this connection, *Perry* v. *Macon Consolidated Street Railroad Co.,* 101 *Ga.* 400 (29 S. E. 304); *Logan* v. *Hope,* 139 *Ga.* 589 (77 S. E. 809); *Mayor &c. of Unadilla* v. *Felder,* 145 *Ga.* 440 (89 S. E. 423).

Ground 7 contends that the homicide was a result of an unavoidable accident, without negligence on the part of the accused. The court fully instructed the jury as to this contention, and the jury resolved the issue against the defendant. The defendant contended throughout that the homicide occurred by reason of the conduct of the deceased and another or others, that an emergency was created, and that the defendant, even if he violated certain rules of the road, would not be held criminally liable. This, under the facts of this case, was a jury question. The court fully instructed the jury as to this principle of law, and this issue was resolved against the defendant. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*