33819. GUY *v.* BLANCHARD FUNERAL HOME *et al.*

Decided March 18, 1952—Rehearing denied April 2, 1952.

*Randall Evans Jr.,* for plaintiff.

*Jones, Jones & Sparks, Knox & Neal,* for defendants.

CARLISLE, J. The single question for determination is whether the trial court erred in sustaining the oral motion, in the nature of a general demurrer, to dismiss the petition as to Turman, the driver of the funeral truck, and as to his alleged principals.

"Where one suffers injuries as the result of the concurrent negligence of two tort-feasors, the injured party may maintain a joint or several suit against the tort-feasors; and it will be sufficient to support a recovery in a joint suit if the negligence of both be a contributing cause of the injuries. *Gooch* v. *Georgia Marble Co.,* 151 *Ga.* 462 (107 S. E. 47). . . [but] it must be borne in mind that generally the question of what is the proximate cause of an injury, like the question of what is negligence, is a question for the jury. *Perry* v. *Macon &c. R. Co.,* 101 *Ga.* 400, 407 (29 S. E. 304); *Central of Ga. Ry. Co.* v. *Tribble,* 112 *Ga.* 863 (38 S. E. 356); *Georgia Ry. &c. Co.* v. *Norris,* 135 *Ga.* 838 (70 S. E. 793); *Logan* v. *Hope,* 139 *Ga.* 589 (77 S. E. 809); *Mayor &c. of Unadilla* v. *Felder,* 145 *Ga.* 440 (89 S. E. 423); *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 535 (96 S. E. 573) . . Causal relation is one of fact; and it is always one for determination by a jury, except when the facts are such that they will support

only one reasonable inference. Green's Proximate Cause, 132. There must be no reasonable ground for two opinions." *Letton* v. *Kitchen,* 166 *Ga.* 121 (142 S. E. 658).

"While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109). And it is sufficient if it appears that the negligence of the original wrong-doer would probably cause harm to some person, though the precise form in which it in fact resulted could not have been foreseen. Huddy, Encyclopedia of Automobile Law (9th ed.), Vol. 3-4, p. 46, § 21; *Bozeman* v. *Blue's Truck Line,* 62 *Ga. App.* 7, 10 (7 S. E. 2d, 412); 1 Cooley on Torts, 140; and see Ibid., 132, 135, § 52; Restatement of the Law or Torts, 1199, § 448. It is the negligence producing the situation which determines the liability.

When the allegations of the petition are considered in the light of the foregoing rules, it is clear that the court erred in sustaining the oral motion to dismiss the petition as to Turman, the driver of the funeral truck, and as to his alleged principals.

Under the allegations of the petition, which must be taken as true as against a general demurrer, Turman's negligence in operating the truck at the excessive speed of sixty miles per hour, and his negligence in jerking the steering apparatus first sharply to the left and then sharply to the right, at the time and place and under the circumstances alleged, unquestionably combined to cause the truck to overturn and blockade all but four feet of the paved portion of the highway, which he knew to be heavily traveled; and he created that situation at a time when he knew that an automobile was traveling directly toward him and along the lane of the highway obstructed by his overturned truck. He thereby created by his negligence a situation from which it was

necessary for him to be rescued, knowing that the plaintiff would be attracted by his cries for help and would, in his efforts to rescue him, be working in darkness in the path of automobiles approaching with the rightful expectation of using the obstructed highway for normal passage. While it is alleged that McNair was negligent in running into the plaintiff and the overturned truck without slackening his speed and without bringing his car to a stop and in proceeding along the highway, under the circumstances, instead of reducing the speed of his car to investigate and in order to stop before striking the plaintiff, it is also alleged: that, as McNair approached, driving along the highway on his right-hand side of the center, that lane for traffic was entirely obstructed by the truck and there was insufficient room in the other lane, also partially obstructed by the overturned truck, to permit the passage of vehicular traffic; it suddenly began to rain faster, and although the lights on McNair's car were burning, there were no other lights visible, and McNair did not immediately see the overturned truck, which was of a dark color and blended with the dark color of the pavement in the falling rain and darkness and was impossible to see, thus presenting the optical illusion that the way ahead of McNair was clear; that, as the rain began to fall faster, McNair slowed his car to approximately thirty miles per hour and when he was within about fifty yards of the overturned truck, he saw it, but in the rain and darkness it appeared to extend across the entire width of the highway, particularly so as the lights of his car were focused on the portion of the truck which was on the west side (McNair's right-hand side) of the highway; and that, when McNair saw the overturned truck, he immediately applied his brakes and slowed his car, but was unable to come to a complete stop until he had struck the plaintiff and the overturned truck. Thus, properly construed, we cannot say as a matter of law that McNair's alleged negligence was the sole proximate cause of the plaintiff's injuries. Nor can we say that the plaintiff, under the allegations of the petition, was, as a matter of law, so contributorily negligent in going to the rescue of Turman, under the circumstances alleged, as to preclude his recovery. It remains, therefore, a question for the jury to determine whether the defendant Turman created a situation by his negligence which he

could reasonably have foreseen would set into operation, under the circumstances, forces which would result in injury to some member of the class of persons to which the plaintiff belonged, travelers upon that highway.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*