HANS FUCHS, Appellant v. MRS. CHARLES W.
MAPES aka Irene Gladys Mapes, CHARLES W.
MAPES, Jr., and GLORIA MAPES, Respondents.

No. 4046

December 16, 1958.                332 P.2d 1002.

(Rehearing denied April 20, 1959.)

*Gordon C. Shelley* and *Norman H. Samuelson,* of
Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey and Thompson,* of
Reno, for Respondents.

## OPINION

By the Court, MERRILL, J.:

This is an action for personal injuries. From summary judgment for the defendant the plaintiff has taken this appeal. He asserts error in that the trial court refused to grant him the status of an invitee upon defendants' premises and accordingly found no breach of duty on defendants' part. The sole question upon this appeal is whether under the facts plaintiff can claim the status of invitee. If not, the judgment must be affirmed.

The injuries were sustained upon business premises in the city of Reno owned by defendants and leased to one Gilbertson. The roof was in need of repair. During a rain storm it leaked and merchandise was threatened with injury. Gilbertson requested plaintiff to go to the roof and make the necessary repairs. The way to the roof was by way of a trap door through an attic which

was not completely floored. Plaintiff fell through the plaster in an unfloored portion of the attic and sustained the injuries for which this action was brought. He asserts negligence on the part of the owner in failing to provide a safe means of access to the roof. Such a duty was not owing to him unless his status was that of an invitee.

It must be conceded that the law is in a state of some confusion as to the proper definition of an invitee and as to the factors necessary to such status. Prosser, the Law of Torts, 2d ed., p. 452, states, "An invitee is a person who is invited or permitted to enter or remain on land for a purpose of the occupier. Some courts require that the business upon which he comes be pecuniary in its nature, or of some economic benefit to the possessor; others require only that it be such that there is an implied representation that care has been exercised to make the land safe for the visitor."

This court has adopted the view that the existence of a business relationship is not essential. Murdock v. Petersen, 74 Nev. 363, 332 P.2d 649; Nevada Transfer & Warehouse Co. v. Peterson, 60 Nev. 87, 90, 99 P.2d 633.

It is essential, however, that the visitor enter upon the premises in question under such circumstances as to give him reason to suppose that the place has been made safe to receive him or (as stated by Prosser supra) as to create an implied representation to that effect. In the ordinary case where the visitor is upon the premises for business purposes of the occupier and at the occupier's request, such representation can be said to exist.

Plaintiff contends that such was the case here. He asserts that under the terms of the lease between defendants and Gilbertson, Gilbertson was authorized to repair the roof on behalf of defendants in the event they failed to act. Plaintiff contends that Gilbertson was therefore acting as agent of the defendants in requesting plaintiff to undertake the repair.

Under the terms of the lease, however, Gilbertson's authority to act for the defendants with reference to roof repair only arose in the event of defendants' failure to act after notice that repair had become necessary. No such notice had been given in this case. Gilbertson was not therefore acting for defendants, but for himself. His request to the plaintiff cannot be construed as a request which he was authorized to make on behalf of the defendants.

Plaintiff next contends that request by or on behalf of the defendants is not necessary under the circumstances of this case; that where the privilege of user exists for the common interest or mutual advantage of both parties it is to be held a business invitation and not a mere license; citing Pomponio v. New York, New Haven & Hartford Railroad Co., 66 Conn. 528, 34 A. 491, 32 L.R.A. 530.

Even where benefit to the occupier exists, however, it is still necessary that the entry by the plaintiff be under such circumstances as to give him cause to believe that the premises have been made ready to receive him. It is stated by Prosser, Business Visitors and Invitees, 26 Minn. Law Rev. 573, 607, "It is not the fact that benefit is conferred which is decisive, but the fact that it is conferred in the expectation of a return, an obligation to provide a safe place to confer it. If the benefit is given without such expectation induced, as in the case of volunteer assistance, it is held very generally that the volunteer is not entitled to protection. It is only where such assistance is rendered under circumstances which indicate that the plaintiff is accepted on the footing of a gratuitous servant, and so impliedly assured that he will be protected, or where he has some other reason to expect protection in return, that he is regarded as more than a licensee." Cf. Murdock v. Petersen, supra.

In the case before us although the plaintiff proceeded to act for the mutual benefit of Gilbertson and the defendants, he did so without the knowledge or consent

of defendants and under circumstances where he could hardly be justified in anticipating that his presence was expected and that preparations to receive him had been made.

The situation in many respects is analogous to two different situations discussed by Prosser in the Minn. Law Rev. article supra and might be said to fall between the two factually and to require the same result for the same reason.

The first situation is that of the emergency entrance of a fireman or policeman. As is pointed out by Prosser, supra, 26 Minn. Law Rev. 610, the question is as to what the visitor may reasonably expect to find when he comes. "[T]hese individuals enter at unforeseeable moments, upon unusual parts of the premises, and under circumstances of emergency, where care in preparation cannot reasonably be looked for. A man who climbs in through a basement window in search of a fire or a thief cannot expect an assurance that he will not find a bulldog in the cellar. Regardless of benefit or invitation, there is no reason to suppose that the place has been made safe."

The second situation is that of one who has a business invitation to enter certain portions of the premises but who, without invitation or consent, enters other portions to which his invitation does not extend. Prosser states, 26 Minn. Law Rev. 607, "There are many cases of customers and others who enter parts of premises not open to the public, for the purpose of the business for which other parts are open. If they go behind the counter, or into a storeroom to look for goods, with the invitation or encouragement of the occupier, they are held to be invitees, but if they go on their own initiative, without such encouragement, they are no better than licensees. * * * The difference * * * is merely one of whether the visitor has been led to expect that the premises have been made safe for his reception."

Under the circumstances of this case we conclude that

the trial court did not err in ruling that plaintiff was not an invitee of the owner.

Affirmed.

BADT, C. J., concurs.

(NOTE: McNAMEE, J., having become a member of the court after argument and submission of the case, did not participate in the foregoing opinion.)