40951. WALKER HAULING COMPANY, INC. et al. v. JOHNSON, Executrix.

DECIDED OCTOBER 26, 1964—REHEARING DENIED NOVEMBER 12, 1964.

*Gambrell, Harlan, Russell & Moye, E. Smythe Gambrell, Edward W. Killorin, Donald O. Clark, Greene, Neely, Buckley & DeRieux, John D. Jones,* for plaintiffs in error.

*George C. Kennedy, Jack Turner, H. Briscoe Black,* contra.

FELTON, Chief Judge. The allegation that the plaintiff was a "skilled firefighter" is not reasonably susceptible to the con-

struction that he was a "fireman," volunteer or otherwise. True, pleadings must be construed against the pleader on demurrer but the rule does not require strained or unreasonable or illogical constructions. Proof that one is a skilled firefighter would not alone authorize a finding that he was a fireman. Likewise, an allegation that the Fire Chief of Manchester, Ga., asked for volunteers to fight the fire is not reasonably susceptible to the construction that the plaintiff was a volunteer fireman of the City of Manchester. But even if we are wrong in the above conclusions a volunteer fireman who receives no remuneration is even more entitled to the benefits of the rescue doctrine than one who is less experienced and who would more likely assume an unreasonable or foolhardy risk. To reduce the ranks of rescuers to the less competent would be to contradict and weaken the application and consequences of one of the most advanced doctrines evolved by the conscience of mankind.

The doctrine of rescue, as deduced from a series of Georgia cases, may be stated as follows: Where a defendant's negligent act, of commission or omission, has created a condition or situation which involves urgent and imminent peril and danger, to life or property, of himself or of others, those acts of negligence are also negligence in relationship to all others who, in the exercise of ordinary care for their own safety under the circumstances, short of rashness and recklessness, may attempt, successfully or otherwise, to rescue such endangered life or property, by any means reasonably appropriate to the purpose; and insofar as the proximate cause of any injuries that a rescuer sustains as a result of his efforts is concerned, the chain of causation remains intact, since it is reasonably to be anticipated that, once such peril to life or property is initiated and brought into being by the negligence of a defendant, reasonable attempts will be undertaken to alleviate and nullify the consequences of such peril. *Atlanta &c. Air-line R. Co. v. Leach,* 91 Ga. 419 (17 SE 619, 44 ASR 47); *Jackson v. Standard Oil Co.,* 98 Ga. 749 (26 SE 60); 14 Am. Neg. Cas. 140; *Wilson v. Central R. Co.,* 132 Ga. 215 (1) (63 SE 1121); *Louisville &c. R. Co. v. Cline,* 136 Ga. 863 (1) (72 SE 405); *Hines v. Bellah,* 26 Ga. App. 361 (106 SE 559); *Atlantic C. L. R. Co. v. Wildman,* 29 Ga. App. 745 (1)

(116 SE 858); *Blanchard v. Reliable Transfer Co.*, 71 Ga. App. 843 (1) (32 SE2d 420); *Rushton v. Howle*, 79 Ga. App. 360 (53 SE2d 768); *Guy v. Blanchard Funeral Home*, 85 Ga. App. 823 (70 SE2d 117); *Geo. A. Fuller Constr. Co. v. Elliott*, 92 Ga. App. 309 (2) (88 SE2d 413); *Usry v. Small*, 103 Ga. App. 144 (1) (118 SE2d 719), and authorities cited therein.

The allegations, that the defendants' negligence was the proximate cause of the explosion and fire which caused the plaintiff's injuries and that the plaintiff was free of contributory negligence, raised issues of negligence which a jury must resolve. There is no issue involved as to assumption of risk, since the doctrine of rescue necessarily contemplates an assumption of the risk inherent in the peril created by the defendants' negligence and allows recovery for injuries thereby incurred, for the reason that the defendants were charged with the foreseeability of their negligence attracting rescuers to assume the risks. Similarly, the "last clear chance doctrine" is not applicable as a defense on the general demurrer since this doctrine does not apply against non-negligent plaintiffs. *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga. App. 159, 165 (91 SE2d 135); *Hirsch v. Chapman*, 109 Ga. App. 444, 450 (136 SE2d 409).

The court did not err in its judgment overruling the general demurrers to the petition as amended.

*Judgments affirmed. Frankum and Pannell, JJ., concur.*