EDNA TURPEL, Appellant, v. SANDRA SAYLES, JOHN MINIFEE, ROBERT SHIELDS, JUDY SHIELDS, Respondents.

No. 14914

January 3, 1985                                    692 P.2d 1290

*Pomeranz, Crockett & Myers,* Las Vegas, for Appellant.

*Harding & Dawson, Abbatangelo & Watkins,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Edna Turpel, plaintiff below, alleged that during the night of August 16, 1978, a fire erupted in a condominium unit owned by defendant Sandra Sayles. According to Turpel's amended complaint, she was injured when she attempted to warn and rescue the

occupants of the condominium. Turpel claimed that her injuries were proximately caused by the negligent failure of defendant Sayles to install a smoke detector device in the condominium, which would have eliminated the need for her to warn the family living in the condominium.

Sayles moved for summary judgment on the sole ground that as to Sayles, Turpel was a mere licensee, to whom Sayles owed no duty of due care under our decision in Fuchs v. Mapes, 74 Nev. 366, 332 P.2d 1002 (1958). Sayles did not challenge Turpel's allegation of negligent conduct, or the allegation that such negligence was the proximate cause of her injuries. Turpel, answering Sayles' motion for summary judgment, asserted that the application of the "no duty" rule was counter to the decision announced by this Court in Drummond v. Mid-West Growers, 91 Nev. 698, 542 P.2d 198 (1975). In *Drummond* we held that a plaintiff who has placed himself in a position of danger in order to rescue another may recover from a negligent defendant without application of the ordinary standards for contributory negligence or assumption of the risk, and is "allowed to take actions which in other circumstances might be considered negligent." *Id.* at 706, 707, 542 P.2d at 204.

The trial court granted summary judgment in favor of Sayles and certified the judgment pursuant to NRCP 54(b). Construing, as we must, the pleadings and documentary evidence in the light most favorable to the plaintiff, Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d 533 (1982), we cannot agree that such a result is consonant with basic principles of tort law, or consistent with our decision in *Drummond.*

As Justice Cardozo put the matter of duty toward one who goes to the aid of one endangered by a negligent act: "The wrong that imperils life is a wrong to the imperiled victim; it is a wrong also to his rescuer." Wagner v. International Ry. Co., 133 N.E. 437, 437 (N.Y. 1921). As another court has held:

> Where a defendant's negligent act, of commission or omission, has created a condition or situation which involved urgent and imminent peril and danger, to life or property, of himself or of others, those acts of negligence are also negligence in relationship to all others who, in the exercise of ordinary care for their own safety under the circumstances, short of rashness and recklessness, may attempt, successfully or otherwise, to rescue such endangered life or property, by any means reasonably appropriate to the purpose. . . .

Walker Hauling Company v. Johnson, 139 S.E.2d 496, 499 (Ga.App. 1964). *See also* Neff v. Woodmen of World Life Insurance Society, 529 P.2d 294 (N.M.App.), *cert. denied,* 529 P.2d 274 (N.M. 1974).

In Swift & Company v. Baldwin, 299 S.W.2d 157 (Tex. Civ.App. 1957) the plaintiff was injured while attempting to secure a sign which the plaintiff feared would fall on school children who patronized the establishment. The owner of the sign claimed that it owed no duty to the plaintiff, predicated on the property law argument that "the highest position that plaintiff could occupy was that of an invitee; [and] plaintiff was charged with notice of the open and obvious dangers." *Id.* at 160. The court refused to apply the concept on the basis that "[w]e do not think the question of 'invitee' or 'licensee' or 'no duty' is involved in this case. We think the question presented here was whether or not the school children were in a position of peril, and whether or not the defendant acted as a man of ordinary prudence in going to their rescue." *Id.*

There is no question that under traditional rules governing property owners' liability for negligence, plaintiff has not alleged facts which would entitle her to recover. In Fuchs v. Mapes, *supra,* we held that before a duty of due care may be imposed toward one coming onto the property for the express benefit of the occupier, "[i]t is essential . . . that the visitor enter upon the premises in question under such circumstances as to give him reason to suppose that the place has been made safe to receive him or . . . as to create an implied representation to that effect." 74 Nev. at 368, 332 P.2d at 1004. Furthermore, the general rule was that once a lessee had taken possession of property, the landlord was not subject to liability, whether to his lessee or others coming onto the land, for physical harm caused by a dangerous condition on the premises, except in certain specific circumstances. *See, e.g.,* Weaver v. Shell Oil Co., 91 Nev. 324, 535 P.2d 787 (1975), Seavy v. I.X.L. Laundry Co., 60 Nev. 324, 108 P.2d 853 (1941). *See generally* 2 Restatement of Torts 2d §§ 355 to 362 (1965). However, as other courts have concluded, we are not satisfied that the traditional principles of property law are appropriately applied to analysis of a tort claim in a twentieth century urban residential setting.[1]

As the Supreme Judicial Court of Massachusetts has observed, "Common law rules defining a landowner's liability in negligence to people coming onto the land reflected the needs of an

---

[1] J. Skelly Wright, writing for the Court of Appeals for the District of Columbia Circuit, noted in 1970 with regard to landlord-tenant law generally, that "Some courts have realized that certain of the old rules of property law governing leases are inappropriate for today's transactions. . . . Proceeding piecemeal has, however, led to confusion where decisions are frequently conflicting, not because of a healthy disagreement on social policy, but because of the lingering impact of rules whose policies are long since dead." Javins v. First National Realty Corporation, 428 F.2d 1071, 1074-1075 (D.C. Cir.), *cert. denied sub nom.* First National Realty Corp. v. Javins, 400 U.S. 925 (1970).

agrarian society," in which the "landowner was a petty sovereign within his boundaries," and "[t]he character of his duty to an injured party varied with the party's relationship with the sovereign," whether trespasser, licensee, invitee or tenant. Young v. Garwackie, 402 N.E.2d 1045, 1047 (Mass. 1980). *See also* Clarke v. O'Connor, 435 F.2d 104 (D.C. Cir. 1970).

The Supreme Court of New Hampshire similarly found that attempts to analyze a tort claim under traditional principles of property law could no longer be justified under all circumstances. Sargent v. Ross, 308 A.2d 528 (N.H. 1973). Although the parties had framed the issue in terms of "whether the rule of nonliability should prevail or whether the facts of this case can be squeezed into the negligent repair or some other exception to the general rule of landlord immunity," 308 A.2d at 530, the court determined instead that it was "time for the landlord's limited tort immunity to be relegated to the history books where it more properly belongs." *Id.* at 533. The court held that rather than issues of control, the focus of inquiry regarding a condition claimed to be unsafe from the onset "should have centered upon the unreasonableness [of the condition] and the unreasonableness of failing to take precautionary measures to reduce the danger." *Id.* at 532. "Similarly," the court found, "the truly pertinent questions involved in determining who should bear responsibility for the loss in this case were clouded by the question of whether the accident was caused by a hidden defect or secret danger," although "[t]he mere fact that a condition is open and obvious . . . does not preclude it from being unreasonably dangerous." *Id.* The court concluded:

> Henceforth, landlords as other persons must exercise reasonable care not to subject others to an unreasonable risk of harm. A landlord must act as a reasonable person under all of the circumstances including the likelihood of injury to others, the probable seriousness of such injuries, and the burden of reducing or avoiding the risk. We think this basic principle of responsibility for landlords as for others 'best expresses the principles of justice and reasonableness upon which our law of torts is founded.' The questions of control, hidden defects and common or public use, which formerly had to be established as a prerequisite to even considering the negligence of a landlord, will now be relevant only inasmuch as they bear on the basic tort issues such as the foreseeability and unreasonableness of the particular risk of harm.

*Id.* at 534 (citations omitted).

In accord is Pagelsdorf v. Safeco Insurance Company of America, 284 N.W.2d 55 (Wis. 1979), in which the Supreme Court of

Wisconsin also elected to ''[abrogate] the landlord's general cloak of immunity at common law'' and held that ''a landlord must exercise ordinary care toward his tenant and others on the property with permission.'' 284 N.E.2d at 56. *See also* Cummings v. Prater, 386 P.2d 27 (Ariz. 1963); Rosales v. Stewart, 169 Cal.Rptr. 660 (Cal.App. 1980); Stephenson v. Warner, 581 P.2d 567 (Utah 1978).

As has been pointed out, analysis of the issue in terms of ''duty,'' as that analysis has traditionally been applied in this area, merely masks the underlying issues, for

> the concept of 'duty' known to the law of torts is a rather artificial one, and . . . in deciding whether a duty existed, the real question to be answered is whether the law should safeguard the plaintiff from the consequences of the defendant's conduct. As Dean Prosser has put it
>
>> '[I]t should be recognized that 'duty' is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. . . .'

Clarke v. O'Connor, *supra,* 435 F.2d at 106.[2]

In accord with those courts which have discerned no sound policy reason in the modern social context for retaining the ancient exception for landlords or property owners from the general application of the basic principles of tort law, we find no basis for excusing the landlord in this case from the requirement that she defend the allegation that she has, through her negligence, been the cause of foreseeable injuries to the plaintiff for which she should assume liability. Nor do we see a basis in policy for excluding this plaintiff from the benefits of the rescue doctrine, as they would be applied in any other tort case, solely on the ground that the allegedly negligent defendant is a property owner.

Accordingly, we reverse the summary judgment granted by the district court and remand for further proceedings consistent with this opinion.

---

[2]This Court has, in other contexts, not been hesitant to abrogate tort immunity which had the effect of barring relief for a class of people based on similar concepts of status. *See, e.g.,* Laakonen v. District Court, 91 Nev. 506, 538 P.2d 574 (1975) (automobile guest statute invalid under equal protection clause); Rupert v. Stienne, 90 Nev. 397, 528 P.2d 1013 (1974) (abrogating common law doctrine of interspousal tort immunity).