IN THE SUPREME COURT OF THE STATE OF NEVADA

KENT JACOBS BOUTWELL, AN
INDIVIDUAL,
Appellant,
vs.
PHWLV, LLC, A NEVADA LIMITED
LIABILITY COMPANY, D/B/A PLANET
HOLLYWOOD RESORT AND CASINO,
Respondent.

No. 75872

FILED

OCT 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a complaint in a tort action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Kent Jacobs Boutwell was a guest at Planet Hollywood Resort and Casino. Boutwell arrived at his room for the first time around 3:00 a.m. He was pulling his roller luggage behind him and carrying a computer bag as he entered the unlit room. After locating a light switch that illuminated the entryway, Boutwell moved into the unlit bedroom area, leaving his luggage and computer bag on the ground in the entryway. He then caught sight of what appeared to be a person standing in a shadowed corner of the bedroom. Believing a person was hiding in his hotel room, he turned to flee and injured his foot when he tripped over his luggage.

The shadowed person was actually a fully-clothed mannequin, positioned to mimic a human and on display in a glass case. Although the mannequin had lights arranged to shine on it, they were off at the time of the accident.

Boutwell initially filed a complaint for negligence and assault, which the district court dismissed under NRCP 12(c). Boutwell then filed

19-44850

an amended complaint for negligence. The district court also dismissed the amended complaint under NRCP 12(b)(5). Boutwell now appeals, arguing that each of the determinations made by the district court—that Planet Hollywood did not owe a duty to Boutwell and that the mannequin was not the proximate cause of Boutwell's injuries—were determinations for the jury. We agree.

A dismissal for failure to state a claim pursuant to NRCP 12(b)(5) is reviewed de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). A decision to dismiss a complaint under NRCP 12(b)(5) is rigorously reviewed on appeal with all alleged facts in the complaint presumed true and all inferences drawn in favor of the complaint. *Id.* Dismissing a complaint is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672.

"To prevail on a negligence theory, a plaintiff must generally show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Scialabba v. Brandise Constr. Co.*, 112 Nev. 965, 968, 921 P.2d 928, 930 (1996). The district court dismissed Boutwell's cause of action on the basis that he did not properly plead that Planet Hollywood owed him a duty. "[I]n a negligence action, the question of whether a 'duty' to act exists is a question of law . . . ." *Lee v. GNLV Corp.*, 117 Nev. 291, 295, 22 P.3d 209, 212 (2001).

A proprietor of a hotel has a duty to use reasonable care to keep the premises safe for its patrons. *See Early v. N.L.V. Casino Corp.*, 100 Nev. 200, 203, 678 P.2d 683, 684 (1984); *see also First Transit, Inc. v. Chernikoff,*

135 Nev., Adv. Op. 32, \_\_\_ P.3d \_\_\_, \_\_\_ (2019) (Pickering, J., concurring) (acknowledging that certain relationships such as that of an innkeeper and guest gives rise to a heightened duty to exercise reasonable care). That includes that the owner or occupier of land "take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." *Twardowski v. Westward Ho Motels, Inc.*, 86 Nev. 784, 787, 476 P.2d 946, 947-48 (1970) (internal quotation marks omitted). This is so, regardless of "[a] hazard's open and obvious nature." *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 775, 291 P.3d 150, 152 (2012). Instead, "[t]he fact that a dangerous condition may be open and obvious bears on the assessment of whether reasonable care was exercised by the landowner." *Id.* That said, "foreseeability, duty, proximate cause and reasonableness usually are questions of fact for the jury." *Lee*, 117 Nev. at 296, 22 P.3d at 212 (quoting *Van Cleave v. Kietz-Mill Minit Mart*, 97 Nev. 414, 417, 633 P.2d 1220, 1222 (1981)).

Affirming the dismissal of Boutwell's complaint would only be appropriate if Boutwell did not adequately plead that under the facts in his complaint it would be foreseeable that the mannequin would create an unsafe condition. We conclude that this is not the case. Boutwell pleaded numerous factual details surrounding the circumstances of his injury. These included that the room was unlit; the mannequin was placed in a shadowy corner of the hotel room and was not illuminated, even though there was lighting available; and the mannequin was life-sized, fully clothed, and positioned to mimic a human. Boutwell argued in his complaint that it was reasonably foreseeable that a hotel guest, entering a dark hotel room with their luggage, would mistake the mannequin for person, be frightened, and fall over their luggage as they tried to flee.

SUPREME COURT
OF
NEVADA

(O) 1947A

Boutwell further argued that Planet Hollywood created the dangerous condition, had a duty to warn of that condition, and failed to maintain the room in a safe manner, such as by lighting the room or warning Boutwell of the mannequin.

Nevada law establishes that Planet Hollywood has a duty to use reasonable care to keep the premises safe, and we cannot conclude that under the set of facts in Boutwell's complaint, the mannequin in Boutwell's hotel room did not give rise to that duty as a matter of law. Under the rigorous standard of review for a motion to dismiss a complaint under NRCP 12(b)(5), we cannot hold that Boutwell failed to adequately plead duty, thereby justifying dismissal of his complaint.[1] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Stiglich

_____, J.
Silver

---

[1]The district court also found that Boutwell did not adequately plead causation. However, "the issue of proximate causation—specifically whether the plaintiff's injury was a foreseeable consequence of the wrongful act—[i]s a factual issue to be decided by the jury." *Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 858, 265 P.3d 688, 691 (2011) (emphasis omitted). Accordingly, the district court also inappropriately dismissed Boutwell's complaint on the basis of causation.

cc: Hon. Joanna Kishner, District Judge
Persi J. Mishel, Settlement Judge
Law Office of Richard S. Johnson
Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
Lemons, Grundy & Eisenberg
Eighth Judicial District Court Clerk

HARDESTY, J., dissenting:

The majority's erroneous conclusion rests on unsound statements of law. First, the majority overlooks the rule announced in *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 291 P.3d 150 (2012). Second, my colleagues misstate the law enunciated in *Lee v. GNLV Corp.*, 117 Nev. 291, 22 P.3d 209 (2001). Beyond the distortions of Nevada law, I further disagree that the facts of the complaint, which must be taken as true, give rise to a duty as a matter of law. Therefore, I respectfully dissent.

As a guest of Planet Hollywood, Boutwell entered his hotel room for the first time and mistook a mannequin, in a "Miller Lite" racing suit, on display in a glass case, for a person hiding in the room. As Boutwell turned to flee, he tripped over his own luggage. My colleagues conclude that Boutwell adequately pleaded duty upon these facts.

The majority fails to adequately set forth the governing law in this case. First and foremost, this is a premises liability case. In *Foster*, we adopted the Restatement (Third) of Torts' approach to premises liability and concluded "that a landowner owes a duty of reasonable care to entrants for *risks* that exist on the landowner's property." 128 Nev. at 775, 291 P.3d at 152 (emphasis added). "The duty of reasonable care includes reasonable care to discover *dangerous conditions* on the land to eliminate or ameliorate them." Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt i (2012) (emphasis added). A *dangerous condition* is "[a] property defect creating a substantial risk of injury when the property is used in a reasonably foreseeable manner." *Condition*, Black's Law Dictionary (11th ed. 2019) (emphasis added).

Whether a landowner owes a duty to an entrant "is a question of law that this court reviews de novo." *Foster*, 128 Nev. at 777, 291 P.3d at

153. In analyzing the duty owed, this court considers "foreseeability and gravity of the harm." *Id.* at 781, 291 P.3d 156 (internal quotation marks omitted). Further, "the open and obvious nature of a *dangerous condition* does not automatically relieve a landowner from the general duty of reasonable care." *Id.* at 775, 291 P.3d at 152 (emphasis added).

Understanding the framework set forth in *Foster*, the pertinent question for us should be whether a static mannequin, secured in a glass case, foreseeably constituted a dangerous condition such that Planet Hollywood owed Boutwell a duty of reasonable care to safeguard him against that risk. Taking the facts pleaded as true, this cannot be so.

The mere presence of a mannequin is not a dangerous condition in and of itself. Additionally, it is not foreseeable that someone would be injured by a static mannequin enclosed within a glass case, functioning as intended in a hotel room. As a matter of law, the presence of a mannequin as décor in a hotel room does not constitute a dangerous condition. Because the mannequin did not foreseeably create a dangerous condition, Planet Hollywood did not owe Boutwell a duty of reasonable care to protect him from the risk, or rather lack thereof, posed by this mannequin. *See Foster*, 128 Nev. at 775, 291 P.3d at 152 (concluding a landowner owes a duty of reasonable care for risks existing on the landowner's property).

In addition to overlooking *Foster*, the majority also misstates the rule in *Lee*, 117 Nev. at 296, 22 P.3d at 212. Specifically, the majority quotes *Lee* for the proposition that "foreseeability, duty, proximate cause and reasonableness usually are questions of fact for the jury." Majority opinion *ante* at 3 (quoting *Lee*, 117 Nev. at 296, 22 P.3d at 212 (internal quotation marks omitted)). However, reviewing *Lee*, it is clear that the majority took this quotation out of context.

In *Lee*, we determined the existence of a duty as a matter of law. 117 Nev. at 296, 22 P.3d at 212. Then, in considering whether it is appropriate for a court to grant summary judgment after establishing duty as a matter of law, we stated that "[c]ourts are reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate cause and reasonableness usually are questions of fact for the jury . . . . But when plaintiff as a matter of law cannot recover, defendant is entitled to summary judgment." *Id.* (alteration in original) (internal quotation marks omitted). This language, while an incorrect statement of law regarding duty, has nevertheless been continually used by us to address breach or proximate cause in summary judgment actions—not duty. *See, e.g., Van Cleave v. Kietz-Mill Minit Mart*, 97 Nev. 414, 417, 633 P.2d 1220, 1222 (1981); *Thomas v. Bokelman*, 86 Nev. 10, 13, 462 P.2d 1020, 1022 (1970).

A return to the fundamentals of tort law is instructive on this point. "[T]ort law is designed to secure the protection of all citizens from the danger of physical harm to their persons or to their property and seeks to enforce standards of *conduct*. These standards are imposed by society . . . ." *Calloway v. City of Reno*, 116 Nev. 250, 260, 993 P.2d 1259, 1265 (2000), *overruled on other grounds by Olson v. Richard*, 120 Nev. 240, 243-44, 89 P.3d 31, 33 (2004). In determining whether a duty exists in a negligence action, "the real question to be answered is whether the law should safeguard the plaintiff from the consequences of the defendant's conduct." *Turpel v. Sayles*, 101 Nev. 35, 39, 692 P.2d 1290, 1292 (1985) (internal quotation marks omitted). Specifically, "[i]t should be recognized that 'duty' is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular

plaintiff is entitled to protection." *Id.* (alteration in original) (internal quotation marks omitted).

As noted in the district court's order, if this mannequin "were to constitute a dangerous condition, there is no limit to what innocuous furniture, fixtures or features might qualify as a dangerous condition." I regret that the conclusion of the majority's order gives credibility to the unsuspecting patron who stumbles upon Santa Claus, Mickey Mouse, Elvis Presley, or perhaps even the patron's own shadow—whether on the Las Vegas Strip, Disneyland, or even the neighborhood mall. To the extent negligence law regulates conduct, and to the extent duty determines what harms the law must protect plaintiffs against as a matter of law, a static mannequin in a "Miller Lite" racing suit cannot be representative of the dangerous conditions tort law seeks to guard against. Unfortunately, the majority's order loses sight of this bedrock principle of tort law.

I, therefore, dissent and would affirm the district court's dismissal of the complaint because Boutwell failed to plead that Planet Hollywood owed him a duty as a matter of law.

, J.

Hardesty