STEPHEN L. FOSTER, Appellant, v.
COSTCO WHOLESALE CORPORATION, Respondent.

No. 55284

December 27, 2012                                              291 P.3d 150

*Sterling Law, LLC,* and *Beau Sterling,* Las Vegas; *Nettles Law Firm* and *Brian D. Nettles,* Henderson, for Appellant.

*Nelson Law* and *Sharon L. Nelson* and *Nicholas L. Hamilton,* Las Vegas, for Respondent.

Before CHERRY, C.J., PICKERING and HARDESTY, JJ.

## OPINION

By the Court, CHERRY, C.J.:

During a trip to a Costco membership warehouse store, appellant Stephen L. Foster tripped and fell over a wooden pallet, which had been positioned in an aisle of the warehouse by a Costco employee. Thereafter, Foster filed a complaint against Costco for injuries sustained from his fall. Costco subsequently moved for summary judgment. The district court granted summary judgment to Costco, holding that Costco had not breached its duty of care because the hazard created by the pallet was open and obvious to Foster. Foster appealed.

In this opinion, we examine the evolution of a landowner's duty of care to entrants on the landowner's property and refine the cur-

rent status of that duty. Traditionally, a landowner had no duty to protect entrants on the landowner's property from open and obvious dangers. This court, along with the vast majority of jurisdictions, has since embraced an exception when the landowner should anticipate the harm despite the hazard's open and obvious nature. By modifying the traditional rule, negligence laws throughout the country have progressed in favor of upholding the general duty of reasonable care. *See Moody v. Manny's Auto Repair*, 110 Nev. 320, 333, 871 P.2d 935, 943 (1994) (''[A]n owner or occupier of land should be held to the general duty of reasonable care when another is injured on that land. . . . [and] determinations of liability should primarily depend upon whether the owner or occupier acted reasonably under the circumstances.''). In recognition of the continuing development of the law governing landowner liability, we adopt the rule set forth in the Restatement (Third) of Torts: Physical and Emotional Harm section 51, and consequently, we conclude that a landowner owes a duty of reasonable care to entrants for risks that exist on the landowner's property.

In accordance with this position, we hold that the open and obvious nature of a dangerous condition does not automatically relieve a landowner from the general duty of reasonable care. The fact that a dangerous condition may be open and obvious bears on the assessment of whether reasonable care was exercised by the landowner. Here, the district court erred when it found as a matter of law that Costco did not breach a duty of care because the hazard created by the pallet was open and obvious to Foster. Questions remain as to whether the pallet over which Foster tripped was in fact an open and obvious condition, whether Costco acted reasonably under the circumstances by allowing a pallet to impede Foster's path through the aisle without warning, and whether Foster failed to exercise reasonable self-protection in encountering the pallet. Accordingly, we reverse the district court's summary judgment and remand this case for further proceedings.

## FACTS

In October 2005, Foster visited a Costco store in Henderson, Nevada, with the intent of purchasing paper goods and general groceries. While searching for trash bags in the paper goods aisle, Foster's left toe caught the corner of a wooden pallet, which was covered by a slightly turned box. Foster fell and sustained injuries. He subsequently sued Costco in district court, alleging that Costco was negligent in creating a dangerous condition and in failing to warn him of the existence of the dangerous condition. Foster claimed that Costco owed him a duty to maintain an estab-

lishment free of dangerous conditions, including exposed pallets throughout the aisles.

Foster's deposition was taken, and Costco then filed a motion for summary judgment, contending that the presence of the pallets was open and obvious and that it was not liable for injuries arising from an open and obvious hazard. According to Costco's summary judgment motion, it is undisputed that Foster was in the paper goods section of the warehouse shopping for, among other things, trash bags, when the incident occurred. Foster testified in his deposition that, as he entered the aisle, he saw approximately three pallets on the right side and two pallets on the left side. Each of the pallets had boxes on them. Foster observed a Costco employee moving boxes from the pallets onto the shelves. There were no barricades placed to warn customers or to prevent them from entering the aisle while the Costco employee was restocking the shelves.

Foster also testified that a slightly turned box was hanging over the edge of the pallet that caused his fall. Foster further stated that he was able to see some of the wood comprising the pallet in question and that he was aware that the subject pallet was obscured by a box. However, Foster claimed that he did not see the corner of the pallet. Foster then testified that he looked at the Costco employee moving the boxes, looked up at the displayed products on the shelves, and when he walked around the employee and the pallet, stepped around the slightly turned box thinking that he had bypassed the pallet. But ''somehow [his] left toe caught on the corner of the pallet,'' and he fell. As a result of the accident, Foster sustained injuries to his left knee, right shoulder, and right-hand ring finger.

In opposing Costco's summary judgment motion, Foster argued that there were material questions of fact as to whether the dangerous condition was obvious, because even though he could see some of the pallet underneath the boxes, he could not see the corner of the pallet due to the way the box was positioned. Foster also asserted that even if the condition was obvious, there were further material questions of fact as to whether Costco was liable in creating or subjecting him to the peril.

The district court granted Costco's motion for summary judgment, finding that the peril created by the pallet was open and obvious to Foster, that the boxes partially concealing the pallet created notice to Foster of the potential hazard, and that Foster's testimony demonstrated his comprehension of the dangerous condition. Citing *Gunlock v. New Frontier Hotel*, 78 Nev. 182, 185, 370 P.2d 682, 684 (1962), the district court concluded that Costco did not breach its duty of care because under the circumstances, it had no duty to warn Foster or to remedy the open and obvious condition. Therefore, the court concluded that Costco's actions were not negligent. This appeal followed.

## DISCUSSION

We take this opportunity to examine the development of the open and obvious doctrine and hold that landowners are not free from the duty to exercise reasonable care solely because the danger posed was open and obvious. In doing so, we adopt the approach taken by section 51 of the Restatement (Third) of Torts: Physical and Emotional Harm: a landowner owes a duty of reasonable care to entrants for risks that exist on the property. Thus, the fact that a dangerous condition is open and obvious does not automatically shield a landowner from liability but rather bears on whether the landowner exercised reasonable care with respect to that condition and issues of comparative fault.

### Standard of review

This court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court. *Klasch v. Walgreen Co.*, 127 Nev. 832, 836, 264 P.3d 1155, 1158 (2011). As part of this de novo review, we consider the evidence "in a light most favorable to the nonmoving party." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper only if no genuine issue of material fact exists "and the moving party is entitled to judgment as a matter of law." *Cervantes v. Health Plan of Nevada*, 127 Nev. 789, 792, 263 P.3d 261, 264 (2011); *see* NRCP 56(c).

To prevail on a traditional negligence theory, a plaintiff must demonstrate that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 128 Nev. 406, 412, 282 P.3d 727, 732 (2012). Courts often are reluctant to grant summary judgment in negligence actions because whether a defendant was negligent is generally a question of fact for the jury to resolve. *Harrington v. Syufy Enters.*, 113 Nev. 246, 248, 931 P.2d 1378, 1380 (1997). However, summary judgment is proper when the plaintiff cannot recover as a matter of law. *Butler v. Bayer*, 123 Nev. 450, 461, 168 P.3d 1055, 1063 (2007). To establish entitlement to judgment as a matter of law, Costco must negate at least one of the elements of negligence. *Harrington*, 113 Nev. at 248, 931 P.2d at 1380. Here, Costco asserted that, because the risk posed by the pallet was open and obvious, it owed no duty of care to Foster and, therefore, Foster could not prevail on his negligence claim. Whether Costco owed a duty to Foster is a question of law that this court reviews de novo. *Sanchez v. Wal-*

*Mart Stores*, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009); *Turner v. Mandalay Sports Entm't*, 124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008).

### Development of the open and obvious doctrine

With roots in English and early American common law, and most likely derived from the political power of landowners prior to the twentieth century, the open and obvious doctrine eliminates landowner liability to business visitors resulting from open and obvious dangers. *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 118-19 (2d Cir. 2000) (outlining the transformation of the open and obvious doctrine); *see* Restatement of Torts § 340 (1934) (providing that "a possessor of land is not subject to liability to his licensees . . . for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein"); James P. End, Comment, *The Open and Obvious Danger Doctrine: Where Does It Belong in Our Comparative Negligence Regime?*, 84 Marq. L. Rev. 445, 457 (2000) ("Landowner sovereignty resulted from the belief that landowners possessed the right to use their land as they so chose."). "The rationale of the open and obvious doctrine is that the defendant should not be held liable for harm caused by a danger that was open and obvious to the person suffering the harm." Robert A. Sedler, *The Constitution, the Courts and the Common Law*, 53 Wayne L. Rev. 153, 172 (2007). This court adopted this position in the case relied on by the district court, *Gunlock v. New Frontier Hotel*, 78 Nev. 182, 185, 370 P.2d 682, 684 (1962), holding that a landowner " 'is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.' " (quoting *Brown v. San Francisco Ball Club*, 222 P.2d 19, 20 (Cal. Ct. App. 1950)).

The open and obvious doctrine was widely criticized by legal scholars and courts as being too harsh, however, and courts began to depart from it in the mid-twentieth century. *See* James Fleming, Jr., *Tort Liability of Occupiers of Land: Duties Owed to Licensees and Invitees*, 63 Yale L.J. 605, 628 (1954); Page Keeton, *Personal Injuries Resulting from Open and Obvious Conditions*, 100 U. Pa. L. Rev. 629, 642-43 (1952); *see, e.g., Hanson v. Town & Country Shopping Center, Inc.*, 144 N.W.2d 870, 874 (Iowa 1966) ("To arbitrarily deny liability for open or obvious defects and apply liability only for hidden defects, traps, or pitfalls, is to adopt a rigid rule based on objective classification in place of the concept of the care of a reasonable and prudent man under the particular circumstances.").

In 1965, the Restatement (Second) of Torts was published, recognizing this trend and modifying its assessment of the open and

obvious doctrine so that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1) (1965). As a result, jurisdictions throughout the country have retreated from strict application of the open and obvious doctrine, departing "from the traditional rule absolving, *ipso facto*, owners and occupiers of land from liability for injuries resulting from known or obvious conditions, and [moving] toward the standard expressed in section 343A(1) of the Restatement (Second) of Torts (1965)." *Ward v. Kmart Corp.*, 554 N.E.2d 223, 231 (1990) (listing cases from state supreme courts that have adopted the Second Restatement approach); *see Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385, 390 (Ky. 2010) ("the modern trend, as embodied in the Restatement (Second) of Torts, is the better position"); *but see Jones Food Co., Inc. v. Shipman*, 981 So. 2d 355, 363 (Ala. 2006) (holding that no duty was owed with regard to open and obvious dangers); *Armstrong v. Best Buy Co., Inc.*, 788 N.E.2d 1088, 1091 (Ohio 2003) (same). This court adopted the Restatement (Second)'s position in *Rogers v. Tore, Ltd.*, 85 Nev. 548, 550, 459 P.2d 214, 215 (1969), stating that "[t]he invitee's knowledge of the danger does not inevitably bar recovery." This court has since reaffirmed this position. *See, e.g.*, *Harrington v. Syufy Enters.*, 113 Nev. 246, 250, 931 P.2d 1378, 1381 (1997); *Moody v. Manny's Auto Repair*, 110 Nev. 320, 333, 871 P.2d 935, 943 (1994); *Twardowski v. Westward Ho Motels*, 86 Nev. 784, 787, 476 P.2d 946, 947 (1970).

Under the Second Restatement, a landowner should anticipate, and is liable for failing to remedy, the risk of harm from obvious hazards when an invitee could be distracted from observing or avoiding the dangerous condition, or may forget what he or she has discovered, and the landowner has "reason to expect that the invitee will nevertheless suffer physical harm." Restatement (Second) of Torts § 343A cmt. f (1965). This principle is known as the distraction exception to the open and obvious rule. *Id.*; *see* Kenneth R. Swift, *I Couldn't Watch the Ball Because I Was Watching the Ferris Wheel in Centerfield*, 22 Ent. & Sports Law. Winter 2005, at 1, 34 (noting that comment f has been extensively applied by numerous jurisdictions). For example, a landowner should anticipate that, in certain circumstances, store displays will distract customers and potentially prevent them from discovering and avoiding even conspicuous dangers.

This principle was exemplified in the 2000 Second Circuit Court of Appeals opinion *Michalski v. Home Depot*. In *Michalski*, a customer of a warehouse store was injured when she tripped and fell over a pallet left on a forklift while walking down an aisle in

order to view and purchase bathroom cabinets. 225 F.3d at 115. Like in the case at bar, the district court granted summary judgment in favor of the warehouse store, finding that the pallet was an open and obvious danger. *Id.* at 116. In predicting New York law, the Second Circuit applied the reasoning espoused by the Second Restatement and held that the district court erred in granting summary judgment against the patron because questions of material fact existed as to whether the store was liable, either because the condition was made unreasonably dangerous due to the fact that customers would not anticipate encountering it in that location, or because it was reasonably foreseeable that customers would be distracted by merchandise from observing the pallet near the floor. *Id.* at 121. The court rejected the traditional approach, stating that "even obvious dangers may create a foreseeable risk of harm and consequently give rise to a duty to protect or warn on the part of the landowner." *Id.* at 119; *see Harrington*, 113 Nev. at 250, 931 P.2d at 1381. The *Michalski* court recognized that

> the open and obvious nature of a dangerous condition on its property does not relieve a landowner from a duty of care where harm from an open and obvious hazard is readily foreseeable by the landowner and the landowner has reason to know that the visitor might not expect or be distracted from observing the hazard.

225 F.3d at 121. By relying on the modified rule, the Second Circuit, like courts across the country, including this court, upheld the general duty of reasonable care. *Id.* at 120; *see Billingsley v. Stockmen's Hotel*, 111 Nev. 1033, 1037, 901 P.2d 141, 144 (1995) (providing that "[p]roprietors, like all other persons, have an obligation to act reasonably towards other persons"); *Moody v. Manny's Auto Repair*, 110 Nev. 320, 333, 871 P.2d 935, 943 (1994) (maintaining that "determinations of liability should primarily depend upon whether the owner or occupier of land acted reasonably under the circumstances").

The general duty of reasonable care is the focus of the newly adopted Restatement (Third) of Torts: Physical and Emotional Harm section 51 (2012):

> [A] land possessor owes a duty of reasonable care to entrants on the land with regard to:
>
> (a) conduct by the land possessor that creates risks to entrants on the land;
>
> (b) artificial conditions on the land that pose risks to entrants on the land;
>
> (c) natural conditions on the land that pose risks to entrants on the land; and
>
> (d) other risks to entrants on the land when any of the affirmative duties . . . is applicable.

The duty espoused in the newest iteration is similar to, and includes, both the general landowner's duty imposed with regard to invitees in the Restatement (Second) of Torts section 343, and the "distraction exception" to the open and obvious rule reflected in the Restatement (Second) of Torts section 343A. Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmts. a and k (2012). However, the duty imposed in the Third Restatement is amplified, as it is extended to all entrants on the land (except for flagrant trespassers, *see* Restatement (Third) of Torts: Phys. & Emot. Harm § 52 (2012)), not just invitees. Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. a (2012).[1] Thus, under the Restatement (Third), landowners bear a general duty of reasonable care to all entrants, regardless of the open and obvious nature of dangerous conditions. The "duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm." *Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998), *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642, 644 (Tenn. 2000); *see* Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. i (2012).

While the open and obvious nature of the conditions does not automatically preclude liability, it instead is part of assessing whether reasonable care was employed. Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. k (2012). In considering whether reasonable care was taken, the fact-finder must also take into account the surrounding circumstances, such as whether nearby displays were distracting and whether the landowner had reason to suspect that the entrant would proceed despite a known or obvious danger. Restatement (Second) of Torts § 343A cmt. f (1965); *see* Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. k (2012) (explaining that a warning ordinarily would be futile when the danger is open and obvious); *Harrington*, 113 Nev. at 250, 931 P.2d at 1381 (stating that "the obvious danger rule only obviates a duty to warn. It is inapplicable where liability is predicated upon acts other than a failure to provide adequate warning of a dangerous condition.").[2]

Separate from, but related to, the reasonable care assessment is consideration of the entrant's actions and whether he or she failed

---

[1] This court has already "abandon[ed] former principles of landowner liability based upon the status of the person injured on the premises, such as whether that person is a trespasser, licensee, or invitee." *Moody v. Manny's Auto Repair*, 110 Nev. 320, 331, 871 P.2d 935, 942 (1994).

[2] "Known or obvious dangers pose a reduced risk compared to comparable latent dangers because those exposed can take precautions to protect themselves. Nevertheless, in some circumstances, a residual risk will remain despite the opportunity of entrants to avoid an open and obvious risk." Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. k (2012).

to exercise reasonable self-protection in encountering the danger. Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. k (2012). This is another factor to be "considered in the apportioning of comparative negligence when awarding damages." *Michalski*, 225 F.3d at 121; Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. k (2012); *see* Restatement (Second) of Torts § 343A cmt. e (1965); NRS 41.141 (comparative negligence of the plaintiff does not bar recovery if that negligence was not greater than the negligence of the defendant).

Here, the district court relied on *Gunlock v. New Frontier Hotel*, 78 Nev. 182, 370 P.2d 682 (1962), but subsequent development of the open and obvious doctrine compels reversal of summary judgment. Costco is not free from liability under Nevada law solely because the danger of the pallet in its aisle may have been open and obvious to Foster. A jury could reasonably believe that Foster walked down the paper goods aisle without observing the corner of the subject pallet because the corner was obscured by a slightly turned box, which blocked it from his sight. Even if a jury finds the risk to be open and obvious, it must also decide whether Costco nevertheless breached its duty of care to Foster by allowing the conditions to exist and by permitting Foster to encounter those existing conditions; if so, the jury must further determine whether Foster was partially at fault under comparative negligence theories. Accordingly, viewing the evidence in the light most favorable to Foster, we conclude that genuine issues of material fact precluded summary judgment, as material facts remain as to whether Costco exercised reasonable care.

## CONCLUSION

Under these facts, liability cannot properly be decided as a matter of law, and thus, summary judgment on Foster's negligence claim was inappropriate. Therefore, we reverse the judgment of the district court and remand this matter for further proceedings consistent with this opinion. On remand, Costco's alleged negligence should be determined pursuant to the Third Restatement.

PICKERING and HARDESTY, JJ., concur.