# IN THE SUPREME COURT OF THE STATE OF NEVADA

BARBARA HEID, AN INDIVIDUAL,
Appellant,
vs.
TA OPERATING, LLC,
Respondent.

No. 68894

**FILED**

JUN 25 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a personal injury matter.[1]  Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Senior Judge.

Having considered the parties' arguments and the record, we conclude that the district court erred in granting summary judgment for TA Operating, LLC, as material questions of fact remain as to Barbara Heid's claim for negligence.[2]  *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121

---

[1]The court of appeals previously affirmed the district court's order granting summary judgement.  This court subsequently granted a petition for review.  *Heid v. TA Operating, LLC*, Docket No. 68894 (Order Granting Petition for Review and Directing Supplemental Briefing, March 24, 2017). As the parties are familiar with the facts, we do not recount them except as pertinent to our disposition.

[2]We further hold that the indemnity provision contained in the casino sublease between TA and Northpointe Sierra, Inc., does not prevent Heid from pursuing a negligence claim against TA, and that such provision is irrelevant in determining whether TA owed Heid a duty, as Heid was not a party to the casino sublease.  *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (providing that a nonparty to a contract cannot be bound by its terms); *see also Dutchmen Mfg., Inc. v. Reynolds*, 849 N.E.2d 516, 524 (Ind. 2006) ("Parties cannot by agreement transfer risk from themselves to non-

18-24059

P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment); *see also Washoe Cty. Sch. Dist. v. White*, 133 Nev., Adv. Op. 43, 396 P.3d 834, 838 (2017) (reviewing de novo a district court's interpretation of a contract).

To prevail in a negligence case, the plaintiff must show that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 777, 291 P.3d 150, 153 (2012) (internal quotation marks omitted). "[C]ourts are reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate cause and reasonableness usually are questions of fact for the jury." *Lee v. GNLV Corp.*, 117 Nev. 291, 296, 22 P.3d 209, 212 (2001) (internal quotation marks omitted). Thus, in order to obtain summary judgment as a matter of law, TA "must negate at least one of the elements of negligence." *Foster*, 128 Nev. at 777, 291 P.3d at 153.

---

parties. . . . Even if we take the agreement to lease the premises 'as is' to imply such an indemnity as to the scaffolding, an employer's decision to indemnify a third party does not limit an employee's tort claim against the third party."); *Lovell v. Sonitrol of Chattanooga, Inc.*, 674 S.W.2d 728, 732 (Tenn. Ct. App. 1983) (noting that a nonparty to a contract is not bound by an exculpatory clause). Further, the casino sublease unequivocally states that Northpointe does not indemnify TA for its negligence.

In addition, we conclude that Heid did not waive her tort claim on appeal as the underlying suit is for negligence.

Here, TA argues that summary judgment was properly granted in its favor because it owed no duty to Heid. Heid could establish that TA owed a duty to her if TA contracted to keep the premises in good repair but did so in a negligent manner. *See* Restatement (Second) of Torts § 357 (Am. Law Inst. 1965). Heid could also establish that TA owed a duty because it took affirmative steps to assume a duty to maintain the leased premises. *See Harry v. Smith*, 111 Nev. 528, 534, 893 P.2d 372, 375 (1995).

Our review of the record reveals that Heid set forth specific facts demonstrating the existence of a genuine issue of material fact regarding whether TA had a duty to maintain the metal plate that caused her injury. The casino sublease provided that TA was to maintain and repair "all wiring, heating, air conditioning, electrical and sprinkler systems." Heid asserts that the metal plate housed electrical wiring that was a part of the electrical system in which TA was responsible for maintaining. Heid also claims that the course of dealing between TA and Northpointe indicated that TA assumed responsibility for maintaining the casino premises. Heid presented evidence that TA, not Northpointe, hired employees to maintain the casino premises. A jury could find that the evidence indicates that TA owed a duty to Heid to maintain the area where she tripped. *See Foster*, 128 Nev. at 777, 291 P.3d at 153 (providing, negligence "is generally a question of fact for the jury to resolve.").

Based on the specific facts introduced by Heid, a genuine issue of material fact exists regarding whether TA had a duty to maintain the casino premises where she was injured. As there remained a genuine issue of material fact, the district court erred in granting summary judgment. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Chief Judge, The Eighth Judicial District Court
      Hon. Joseph T. Bonaventure, Senior Judge
      Carolyn Worrell, Settlement Judge
      Cook & Kelesis
      Olson, Cannon, Gormley, Angulo & Stoberski
      Eighth District Court Clerk