# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVINA WALKER, AN INDIVIDUAL AND RESIDENT OF TEXAS,
Appellant,
vs.
NEW CASTLE CORP., A NEVADA CORPORATION, D/B/A EXCALIBUR HOTEL AND CASINO, A NEVADA CORPORATION; MGM RESORTS INTERNATIONAL GLOBAL GAMING DEVELOPMENT, LLC, A NEVADA CORPORATION; MGM RESORTS LIMITED, LLC, A NEVADA CORPORATION; AND THYSSENKRUPP ELEVATOR CORPORATION,
Respondents.

No. 73079



FILED

DEC 04 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order granting summary judgment and an order granting a motion to dismiss a party in a negligence action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge; James Crockett, Judge.

During a visit to the Excalibur Hotel and Casino, a man working on the premises dropped a metal object on appellant Marvina Walker's foot, injuring her. Two days prior to the expiration of the two-year statute of limitations, Walker sued Respondents New Castle Corp. d/b/a

18-906848

Excalibur Hotel and Casino, MGM Resorts International Global Gaming Development, LLC, and MGM Resorts Limited, LLC (collectively "MGM") and Doe defendants for negligence and negligent hiring. Walker filed an amended complaint after the statute of limitations expired adding MGM's independent contractor, Thyssenkrupp Elevator Corporation (TKE) as a party. TKE moved to dismiss itself as a party in the case because of the expiration of the statute of limitations. Walker opposed this motion on the basis that MGM had not yet filed a responsive pleading in the case and TKE was a necessary party under NRCP 19 and NRCP 20 such that relation back was permitted under NRCP 15. The district court granted TKE's motion and dismissed TKE from the suit. MGM then moved for summary judgment, which the district court granted.

Walker first challenges the district court's granting of summary judgment in MGM's favor. A district court order granting summary judgment is reviewed de novo with a view toward the pleadings and all other evidence in the record in the light most favorable to the non-moving party. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). If the pleadings and other evidence in the record demonstrate no genuine issue of material fact, an order granting summary judgment will stand. *Id.* Walker argues that the district court erred in granting summary judgment because MGM was liable for the conduct of TKE's employee's actions and because MGM breached its non-delegable duty of care for those on MGM's premises. The general rule is that a party is not liable for torts committed by its independent contractor or that independent contractor's employees. *San Juan v. PSC Indus. Outsourcing*, 126 Nev. 355, 359, 363, 240 P.3d 1026, 1028-29, 1031 (2010). Walker fails to demonstrate that an exception exists to this general non-liability rule here because the work that MGM

contracted TKE to perform did not "involv[e] a special danger *to others* which [MGM] [knew] or [had] reason to know to be inherent in or normal to the work[.]" *Id.* at 360, 240 P.3d at 1029 (emphasis in original). Additionally, Walker does not establish that MGM failed to keep its premises reasonably safe for guests of the casino. *See Foster v. Costco Wholesale Corp.,* 128 Nev. 773, 775, 291 P.3d 150, 152 (2012). Because Walker did not demonstrate a genuine issue of material fact as to MGM's liability, MGM is entitled to judgment as a matter of law. *See Wood,* 121 Nev. at 729, 121 P.3d at 1029. Thus, we affirm the district court's order granting summary judgment for MGM.

Walker also challenges the district court's granting of TKE's motion to dismiss. An order granting an NRCP 12(b)(5) motion to dismiss is reviewed de novo. *Buzz Stew, LLC v. City of N. Las Vegas,* 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). On appeal, all facts alleged in the complaint are presumed true and all inferences are drawn in favor of the complainant. *Id.* Walker does not demonstrate that TKE had actual notice of Walker's filing of the lawsuit against MGM prior to the statute of limitations' expiration. Without demonstrating that TKE had actual notice of the suit prior to the statute of limitation's expiration, Walker cannot satisfy the requirements of relation back under NRCP 15(c). *See Echols v. Summa Corp.,* 95 Nev. 720, 722, 601 P.2d 716, 717 (1979) ("[A] proper defendant may be brought into the action after the statute of limitations has run if the proper defendant (1) *receives actual notice of the action*; (2) knows that it is the proper party; and (3) has not been misled to its prejudice

by the amendment." (emphasis added)). Therefore, we affirm the district court's order granting TKE's motion to dismiss.

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____ , J.
Cherry

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:    Hon. James Crockett, District Judge
Hon. Gloria Sturman, District Judge
Persi J. Mishel, Settlement Judge
Dingman Law Offices
Gallian Welker & Beckstrom, LC/Las Vegas
Rogers, Mastrangelo, Carvalho & Mitchell, Ltd.
Eighth District Court Clerk