**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHERYL THOMPSON,

        Plaintiff-Appellant,

v.

WALMART INC., DBA Walmart #2050,

        Defendant-Appellee.

No. 21-15449

D.C. No.
2:19-cv-00323-JCM-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 18, 2022
Pasadena, California

Before: KLEINFELD, MILLER, and COLLINS, Circuit Judges.

Thompson tripped over a left-of-center wheel stop at the front of a handicapped parking space in a Wal-Mart parking lot and suffered serious injuries. She sued Wal-Mart for negligence in Nevada state court and Wal-Mart removed the case to federal court. The district court granted summary judgment to Wal-

---

      [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Mart on the ground that Wal-Mart owed Thompson no duty regarding the wheel stop.[1] The district court had jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

## I. Standard of Review

"We review *de novo* a district court's order granting summary judgment. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion." *Lil' Man in the Boat, Inc. v. City & Cnty. of San Francisco*, 5 F.4th 952, 956 (9th Cir. 2021) (cleaned up). The relevant substantive law is that of negligence, which requires a showing of the four classic elements: duty, breach, causation, and damages. *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 777 (2012). Whether the defendant owes a duty to the plaintiff is a question of law. *Id.*

---

[1] Though the court divided its analysis into two sections and stated that Thompson failed to show both duty and breach, both sections of the court's opinion addressed the element of duty in substance.

2

## II. Analysis

The district court erred in relying on Nevada law setting out landowner duties that predated *Foster*. *Foster* adopted the approach of the Restatement (Third) of Torts, under which "landowners bear a general duty of reasonable care to all entrants, regardless of the open and obvious nature of dangerous conditions. The duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm." *Id.* at 781 (cleaned up). Under *Foster*, a landowner may have a duty of care even with respect to open and obvious hazards. *Id.* at 775. We conclude that, on this record, Wal-Mart had a duty to prevent tripping injuries caused by wheel stops in its parking lot. Thompson's expert witness offered unrebutted testimony that wheel stops are foreseeable hazards and that reasonable measures can be taken to reduce the risk of tripping over them.

Regarding breach, causation, and damages, Thompson established a prima facie case with evidence sufficient to entitle her to a jury trial. Her own testimony, if believed, would establish that she tripped over a wheel stop that she did not notice, causing her substantial injuries. A jury could conclude from her testimony and other evidence that the wheel stop might have been unnoticeable because of

3

the particular circumstances of its placement—where it was, how dark it was, and the positioning of the overhead light. A jury could further conclude that Wal-Mart could have reduced or eliminated the risk of people tripping over the wheel stop by, for example, removing it, placing it at the center of the parking spot, or improving the lighting. Wal-Mart admitted that it knew that wheel stops are tripping hazards and that it could have provided better lighting or painted the wheel stop a brighter color.

In granting summary judgment in favor of Wal-Mart, the court relied on a diagram in a practice manual depicting an acceptable handicapped parking space and found that Wal-Mart's parking space looked "nearly identical." But the same manual states that wheel stops should be "1 1/2 to 2 feet from the left limit line of the parking stall," whereas Thompson's expert opined that Wal-Mart's wheel stop was "immediately adjacent to the parking stall limit line" with an estimated spacing of only "3 inches." The significance of that difference is for the jury to determine. Nor could the practice manual preclude a jury from finding for Thompson.

**REVERSED AND REMANDED** for proceedings consistent with this

memorandum disposition.