140 Nev., Advance Opinion 53

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| PHWLV, LLC, D/B/A PLANET HOLLYWOOD RESORT AND CASINO, A/K/A PLANET HOLLYWOOD LAS VEGAS RESORT AND CASINO, Appellant, vs. HOUSE OF CB USA, LLC; AND CHINESE LAUNDRY LIFESTYLE, LLC, Respondents. | No. 85413 FILED AUG 22 2024 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a judgment and post-judgment orders after a jury trial in a tort action for property damage. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

*Reversed in part, vacated in part, and remanded.*

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Wood, Smith, Henning & Berman and Joel D. Odou and Susana Santana, Las Vegas, for Appellant PHWLV, LLC.

Marquis Aurbach Chtd. and Christian T. Balducci and Jordan W. Montet, Las Vegas, for Respondent House of CB USA, LLC.

Marquiz Law Office, P.C., and Craig A. Marquiz, Henderson, for Respondent Chinese Laundry Lifestyle, LLC.

24-30043

BEFORE THE SUPREME COURT, HERNDON, LEE, and BELL, JJ.

*OPINION*

By the Court, HERNDON, J.:

This appeal requires us to consider the duty owed by a commercial property owner to tenants in that commercial property, specifically with respect to the maintenance of the property owner's internal fire-suppression system and the property owner's response to issues arising from a failure within that system. Appellant PHWLV, LLC, operates Planet Hollywood Resort and Casino and the Miracle Mile Shops in Las Vegas. Respondents, retailers House of CB USA, LLC, and Chinese Laundry Lifestyle, LLC, leased commercial space at the Miracle Mile Shops. After sustaining damage to their stores and inventories when a water pipe in PHWLV's fire-suppression system burst, the retailers sued PHWLV for negligence in maintaining the fire-suppression system. Before trial, the district court granted partial summary judgment on the elements of duty and breach, concluding that property owners have a duty to prevent items on their property from damaging another's property, which duty PHWLV had breached. The case proceeded to a jury trial solely on causation and damages, and the jury ultimately returned a verdict in favor of the retailers.

We conclude that the district court erred in its formulation of PHWLV's duty at the summary-judgment stage. Under the facts of this case, the appropriate standard of care for PHWLV is the duty to use reasonable care in servicing and inspecting the fire-suppression system, and in responding to issues arising from failures within the system. We therefore reverse the district court's judgment on the jury verdict and order denying a new trial, vacate the district court's post-judgment orders

SUPREME COURT
OF
NEVADA

(O) 1947A

awarding attorney fees and prejudgment interest, and remand for proceedings consistent with this opinion.

## BACKGROUND

PHWLV owns and operates the Planet Hollywood Resort and Casino, a resort on the Las Vegas Strip. It also operates the Miracle Mile Shops, a retail shopping mall adjacent to the resort. The mall leased space to Chinese Laundry, a footwear retailer, and House of CB, a clothing retailer. PHWLV maintained a fire-suppression system above the retailers' stores and the rest of the mall.

Witnesses at trial testified to the following events: On July 8, 2017, a pressurized fire-suppression pipe separated from another pipe at its coupling. Water escaped the system through that separation and flooded a service corridor within Planet Hollywood before leaking into the resort and mall. About two hours after the pipe separation, PHWLV's employees and contractors were able to shut off the flow of water. The water caused immense damage to the resort, mall, and the retailers' physical store space and inventory.

The retailers sued PHWLV for negligence. After discovery, they moved for partial summary judgment on their claims against PHWLV. The district court granted the motion, finding that there was no genuine dispute over the elements of duty or breach. It found "a legal duty imposed on property owners to ensure that whatever is on a person's property does not invade or otherwise damage the property of another." It also found that PHWLV breached that duty, as the water on its property invaded and damaged the retailers' property. The parties proceeded to a jury trial on the elements of causation and damages. At the close of evidence, the retailers moved for a directed verdict on the element of causation, which the

Supreme Court
OF
Nevada

(O) 1947A

district court granted. The jury decided only the extent of damages suffered by the retailers. It awarded House of CB $3,133,755.56 and Chinese Laundry $411,581.41. Thereafter, PHWLV moved for a new trial or, alternatively, for remittitur of the jury award. The district court denied the motion and entered judgment on the jury verdict. It also granted in part House of CB's motion for attorney fees and prejudgment interest. PHWLV appeals each of the district court's orders.

## DISCUSSION

*The district court erred in granting summary judgment to the retailers*

PHWLV challenges the district court's award of partial summary judgment to the retailers. It argues that the district court imposed a strict-liability standard by improperly defining PHWLV's duty and finding breach as a matter of law.

As an initial matter, the retailers argue that PHWLV failed to assert these arguments before the district court. "A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). We conclude that PHWLV did not waive its arguments with respect to the grant of partial summary judgment. PHWLV opposed the retailers' motion for partial summary judgment on the same substantive grounds that it pursues on appeal. It also used the language of strict liability in its supplemental briefing. Therefore, PHWLV adequately raised its arguments in the trial court such that they are not waived on appeal.

We review the district court's decision to grant summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "A claim for negligence in Nevada requires that the plaintiff

 

satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Ent., LLC*, 124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008). In this case, we must consider whether PHWLV owed a duty to the retailers, the scope of any such duty, and whether PHWLV breached the duty owed to the retailers.

We begin with the first issue: whether PHWLV owed a duty to the retailers. In doing so, we consider "whether 'such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other.'" *Lee v. GNLV Corp.*, 117 Nev. 291, 295, 22 P.3d 209, 212 (2001) (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts*, § 37, at 236 (5th ed. 1984)). We have adopted the principle that "landowners bear a general duty of reasonable care to all entrants." *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 781, 291 P.3d 150, 156 (2012); *see also Moody v. Manny's Auto Repair*, 110 Nev. 320, 333, 871 P.2d 935, 943 (1994) ("[D]eterminations of liability should primarily depend upon whether the owner or occupier of land acted reasonably under the circumstances.").

We hold that PHWLV and the retailers had such a relation that the community imposes a legal obligation on PHWLV for the benefit of the retailers. This is because PHWLV owned and occupied the land, while the retailers were entrants on that land. PHWLV controlled the fire-suppression system, the premises on which the system was located, and the mall itself. The system under its control malfunctioned, creating a risk of damage to the retailers in the mall. This approach accords with the modern trend of defining a landowner's duty of reasonable care under the circumstances. *See* Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. heading (Am. Law Inst. 2012) (stating that "a land possessor owes a

duty of reasonable care to entrants on the land" regarding either its own conduct or "artificial conditions on the land," when such conduct poses risk to the entrants). Therefore, PHWLV owed a duty to exercise reasonable care under the circumstances to the retailers.

Second, we must determine the scope of the duty that PHWLV owed to the retailers. "The law is clear that if a legal duty exists, reasonable care under the circumstances must be exercised." *Lee*, 117 Nev. at 296, 22 P.3d at 212. "The duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm." *Foster*, 128 Nev. at 781, 291 P.3d at 156 (internal quotation marks omitted). PHWLV owed the retailers the duty to exercise reasonable care under the circumstances. This duty extends to multiple sets of circumstances. The duty extends to the servicing, maintenance, and inspection of the fire-suppression system. The duty extends to the implementation of procedures that govern failures within the system, like a possible pipe separation. And the duty extends to PHWLV's reaction to the pipe separation on July 8, 2017.

Because we limit the scope of PHWLV's duty to the use of reasonable care, we conclude that the district court erred by describing PHWLV's duty in absolute terms. Its formulation of PHWLV's duty lacks the crucial principles underlying our negligence jurisprudence: either the exercise of reasonable care or the consideration of the circumstances necessitating reasonable care. Instead, the district court seemed to impose strict liability on property owners to control what is on their property. An absolute standard omits the inquiry as to whether the property owner exercised reasonable care in their control of what is on their property. But Nevada law requires such an inquiry. *See id.* We thus hold that PHWLV

owed the duty to exercise reasonable care under the circumstances and that the district court erred by expanding that duty.

Third, we cannot determine whether PHWLV exercised reasonable care under the circumstances (i.e., whether it breached its duty). This case-specific determination should be determined by the jury. *See Lee*, 117 Nev. at 296, 22 P.3d at 212 ("Whether a defendant's conduct was reasonable under a given set of facts is generally an issue for the jury to decide." (internal quotation marks omitted)). In so determining, the jury must resolve two questions: first, whether PHWLV breached its duty of reasonable care by not properly maintaining the system; and second, whether PHWLV breached its duty when responding to the incident.

We conclude that the retailers were not entitled to partial summary judgment under the district court's erroneous theory of PHWLV's duty. As a result, we conclude that the district court erred in granting partial summary judgment in favor of the retailers.

*The district court's error marred the subsequent proceedings*

The district court's error in granting partial summary judgment to the retailers manifested itself throughout the remainder of the litigation. As counsel for House of CB conceded at oral argument before this court, any error in the district court's formulation of PHWLV's duty would contaminate the trial proceedings and jury verdict.

For example, the district court granted the retailers' motion for a directed verdict on the element of causation. But it found causation based on the incorrect description of PHWLV's duty. It is clear the water that escaped from PHWLV's fire-suppression system caused damage to the retailers. However, as the parties did not have to address whether PHWLV exercised reasonable care under the circumstances, causation became

 

indisputable. Similarly, the jury found damages resulting from that imposition of causation, and the district court awarded attorney fees resulting from the jury verdict. When a negligence case is built upon an incorrect formulation of the defendant's duty, everything that occurs thereafter will necessarily be tainted. Based on the errors described above, we reverse the district court's judgment and vacate the district court's post-judgment order granting attorney fees and prejudgment interest.[1]

*The district court erred by denying PHWLV's motion for a new trial*

PHWLV argues that the district court erred by denying its motion for a new trial pursuant to NRCP 59. We review a district court's decision on a motion for a new trial for an abuse of discretion. *Nelson v. Heer*, 123 Nev. 217, 223, 163 P.3d 420, 424-25 (2007). "While review for abuse of discretion is ordinarily deferential, deference is not owed to legal error." *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010). A district court may grant a new trial when an error in law occurred at the trial and that error was objected to by the party making the motion for the new trial. NRCP 59(a)(1)(G).

For the reasons we have stated above, the district court's error in defining PHWLV's duty constituted an error in law. PHWLV objected to that error during its opposition to the retailers' motions for summary judgment and adequately demonstrated grounds for a new trial. Therefore, we conclude that the district court erred denying PHWLV's motion for a new trial and reverse its order.

---

[1]Given our conclusion, we need not address the issue of damages.

*PHWLV has not shown that reassignment is necessary*

PHWLV requests that this case be transferred from the assigned judge to a different judicial department upon remand. Reassignment may be appropriate when a trial court, whether consciously or unconsciously, "undermined [the] plaintiff's case and cannot fairly deal with the matters involved." *Wickliffe v. Sunrise Hosp., Inc.*, 104 Nev. 777, 783, 766 P.2d 1322, 1326 (1988). PHWLV argues that the assigned judge undermined its case by making multiple adverse rulings against it. It also argues that the assigned judge heard inadmissible or inappropriate evidence regarding the retailers' damages calculations. But PHWLV does not identify any specific evidence that the assigned judge heard that should have been excluded. Nor does PHWLV explain how adverse rulings—all of which seemingly flow from a single error regarding the scope of the duty owed—constitute a display of partiality. As a result, we deny PHWLV's request to reassign this case to a different judicial department.

## CONCLUSION

The district court erroneously described the breadth of the duty that PHWLV owed to the retailers. This error was compounded as the court applied that duty to the other elements of negligence. We hold that PHWLV owed the retailers the duty to use reasonable care, both in maintaining the fire-suppression system and in responding to the events caused by the system. Accordingly, we reverse the district court judgment on the jury

(O) 1947A

verdict, reverse the district court order denying the motion for a new trial, vacate the district court order awarding attorney fees and interest, and remand this matter for a new trial.

_____, J.
Herndon

We concur:

_____, J.
Lee

_____, J.
Bell